UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv60306

JOSE BARRIOS,

      Plaintiff,

                                                **COMPLAINT – CLASS ACTION**

v.

FINANCIAL BUSINESS AND
CONSUMER SOLUTIONS, INC.,
d/b/a FBCS, Inc.

      Defendant.

_____/

**CLASS ACTION COMPLAINT SEEKING**
**INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

On behalf of the putative classes, Plaintiff JOSE BARRIOS ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., D/B/A FBCS, INC. ("FBCS"), to wit, for FBCS's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute §559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.**      ***THE FAIR DEBT COLLECTION PRACTICES ACT***

1.      The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices

by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3.      The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (2) The false representation of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e.

5.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

6.      Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, §1692g mandates, inter alia, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt,

or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g.

## II.    THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7.    The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

8.    Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

9.      The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

10.     Furthermore, in situations involving an assigned consumer debt, the FCCPA requires specialized notice above-and-beyond that required by the FDCPA, whereby such notice must precede any debt collection activates. *See* Fla. Sta. §559.715 ("the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt." (emphasis added)).

11.     As set forth in more detail below, FBCS violated the aforementioned portions the FDCPA and FCCPA. Plaintiff now seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

12.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

13.     Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

14.     Venue in this District is proper because Plaintiff resides here, FBCS transacts business here, and the complained conduct of FBCS occurred here.

## PARTIES

15.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

16.     FBCS is a Pennsylvania corporation, with its principal place of business located in Hatboro, PA.

17.     FBCS engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

18.     At all times material hereto, FBCS has been registered with the Florida Office of Financial Regulation as "Consumer Collection Agency," license no. CCA0900484. A copy of the License Search Results offered by the Florida Office of Financial Regulation is attached hereto as Exhibit "A."

19.     At all times material hereto, FBCS has been a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

## FACTUAL ALLEGATIONS

20.     The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes on an unsecured line of credit Plaintiff had maintained with the original creditor, CHASE BANK USA, N.A. ("CHASE").

21.     The current creditor of the Consumer Debt is SPV I, LLC.

22.     The unsecured line of credit (the "CHASE Card") was held by Plaintiff personally, as a consumer, for the purchase of goods and services.

23. The Consumer Debt is the result of Plaintiff having utilized the CHASE Card to purchase goods and services to Plaintiff's own benefit, as well as the benefit of Plaintiff's family and members of Plaintiff's household.

24. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

25. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

26. FBCS is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

27. Cavalry SPV I, LLC is the "assignee" of the Consumer Debt as used by Fla. Stat. § 559.715.

28. On or about January 11, 2018, FBCS sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "B."

29. On information and belief, the Collection Letter was the first and only communication Plaintiff had received from FBCS pertaining to the Consumer Debt.

30. The Collection Letter was FBCS's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

31. FBCS engaged in conduct constituting "*any action to collect [a] debt*," *see* Fla. Stat. § 559.715, by dispatching the Collection Letter to Plaintiff.

32. Plaintiff has never been notified, in writing, that FBCS had been assigned and/or purchased the Consumer Debt from *any entity*.

33.     The Collection Letter represents the *first* written notice informing Plaintiff that Cavalry SPV I, LLC is the current creditor of the debt.

34.     In the Collection Letter, FBCS makes the following statement: "*The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it.*" *See* <u>Collection Letter</u> (emphasis added).

35.     Plaintiff defaulted on the Consumer Debt more than five years ago and Plaintiff has made no payment on or toward the Consumer Debt since defaulting.

36.     The Consumer Debt is a time-barred debt. *See* Fla. Stat. §95.11(2).

37.     Florida law prohibits anyone, including but not limited to, Cavalry SPV I, LLC or CHASE from commencing any legal action to collect the Consumer Debt from Plaintiff. <u>Id</u>.

38.     The Collection Letter requests that Plaintiff enter into a payment plan, *to wit*, the so-labeled "Discount" payment plans contained in the Collection Letter, which requires Plaintiff to make a series of partial payments towards what the Collection Letter identifies as the "Outstanding Balance" on the Consumer Debt.

39.     The payment plans offered to Plaintiff in the Collection Letter proport to "**Save**" Plaintiff money.

40.     Cavalry SPV I, LLC could lawfully sue to collect the Consumer Debt from Plaintiff if Plaintiff agreed to either of the "Discount" payment plans offered in Collection Letter and subsequently defaulted on such payment plans." *See* <u>Collection Letter</u>.

41.     The Collection Letter does not advise Plaintiff that Consumer Debt was time-barred or that making a partial payment towards the Consumer Debt could revive the statute of limitations.

42.     The Collection Letter does not advise Plaintiff that if Plaintiff were to agree to either payment plan offered in the Collection Letter and subsequently defaulted on such plan, Cavalry SPV I, LLC could then sue Plaintiff for the Consumer Debt.

## VIOLATION OF THE FDCPA AND FCCPA

### I.      RELATIONSHIP BETWEEN THE FDCPA & FCCPA

43.     In Florida, consumer debt collection practices are regulated by both the FCCPA and the FDCPA. "Both acts generally apply to the same types of conduct, and Florida courts must give great weight to federal interpretations of the FDCPA when interpreting and applying the FDCPA." Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla. 2nd DCA 2012). "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." (internal quotations omitted). Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006). Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. at 453 (quoting 15 U.S.C. §1692(a). Because the FDCPA is a remedial statute, "we construe its language broadly, as to affect its purpose." Id. The FDCPA restricts the time and places a debt collector may contact a consumer and limits third party contacts. These restrictions, along with others, protect the consumer's right to privacy and the security of the consumer's relationship with third parties, including attorneys, co-workers, and employers. This was considered an "extremely important protection." S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

44.     Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is

sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007). In fact, the FCCPA "further defined and protected an individual's right of privacy" in addition to the protections of the FDCPA. Id. at 512. Importantly, the FCCPA is "in addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of [the FCCPA] and the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail. Fla. Stat. §559.552. Finally, in ultimately asserting a consumer's civil remedies under the FCCPA, "due consideration and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]." Fla. Stat., §559.77(5).

## II.   THE LEAST SOPHISTICATED CONSUMER STANDARD

45.   The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. See Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard… to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010).

46.   The least sophisticated consumer standard is similarly applied in determining violations of the FCCPA. See, e.g., Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (finding that Plaintiff successfully stated a claim for under Fla. Stat. Ann. § 559.72(9) because "the least sophisticated consumer may plausibly believe that the [collection

letter] 'threaten[s] to enforce a debt' or 'assert[s] the existence of some other legal right.'"); <u>Bank v. Schmidt</u>, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which the lower court premised on least sophisticated consumer standard governing the FCCPA); <u>Green</u>, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA and applying the least-sophisticated consumer standard to determine whether a collection letter violated the FCCPA).

### III.    *ESTABLISHING A CLAIM FOR FDCPA AND/OR FCCPA VIOLATIONS*

47.    The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,' and 'debt collector.' <u>Kinlock v. Wells Fargo Bank, N.A.</u>, 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

48.    To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." <u>Pescatrice v. Orovitz, P.A.</u>, 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

49.    Unsurprisingly, "[t]he elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." <u>Deutsche Bank Nat. Trust Co. v. Foxx</u>, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" <u>Bacelli v. MFP, Inc.</u>, 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of §559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." <u>Foxx</u>, 971 F. Supp. 2d 1106, 1114

(citing <u>Reese v. JPMorgan Chase & Co.</u>, 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

## CLASS ACTION ALLEGATIONS

49.     This action is brought on behalf of the following class, *to wit*, the "**Time-Barred Debt Class**," the "**Failure to Disclose Amount of Debt Class**" and the "**FCCPA Class**."

50.     The "**Time-Barred Debt Class**" consists of:

> (i) all persons with Florida addresses (ii) who received a letter in the same or substantially the same format as the letter Plaintiff received (iii) between February 9, 2017 and February 10, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which the debt was time-barred through Florida's Statute of Limitations, (vii) and said letter is found to have violated §§ 1692e or 1692f of the FDCPA.

51.     The *"**Failure to Disclose Amount of Debt Class**" consists of:*

> (i) all persons with Florida addresses (ii) who received a letter in the same or substantially the same format as the letter Plaintiff received (iii) between February 9, 2017 and February 10, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) which fails to mention the accrual of interest or fees (vii) and said letter is found to have violated §§ 1692g or 1692e of the FDCPA.

52.     The *"**FCCPA Class**" consists of:*

> (i) all persons with Florida addresses (ii) who received a letter in the same or substantially the same format as the letter Plaintiff received (iii) from Defendant (iv) between February 9, 2016 and February 10, 2018 (v) that was an unlawful attempt to collect a debt (vi) in violation of Fla. Stat. §559.72(9).

53.     Plaintiff alleges on information and belief, the Time-Barred Debt Class, the Failure to Disclose Amount of Debt Class, and the FCCPA Class, are each so numerous that joinder of all

members is impracticable because Defendant has dispatched thousands of identical dunning letters to addresses in Florida attempting to collect consumer debts.

A.   *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

54.   Common questions of law and fact exist as to each class and predominate over any issues involving only individual class members.

55.   With respect to the **Time-Barred Debt Class**:

a.   The ***factual issues common*** to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

b.   The ***principal legal issue*** of the class is whether Defendant violated §§ 1692e and/or 1692f in its attempt to collect on a time-barred debt.

56.   With respect to the **Failure to Disclose Amount of Debt Class**:

a.   The ***factual issues common*** to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

b.   The ***principal legal issue*** of the class is whether Defendant violated §§ 1692g and/or 1692e by failing to advise members of the class of the ongoing accrual of interest or fees.

57.   With respect to the **FCCPA Class**:

a.   The ***factual issues common*** to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

b.   The ***principal legal issue*** for the class is whether Defendant, by having violated the §§ 1692e, 1692f or 1692g of the FDCPA, also violated § 559.72(9) of the FCCPA.

58.   Excluded from each class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B.   *TYPICALITY*

59.   Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C.   *ADEQUACY*

60.   Plaintiff is an adequate representative of each of the classes.

61.   Plaintiff will fairly and adequately protect the interests of the classes.

62.   Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D.   *PREDOMINANCE AND SUPERIORITY*

63.   Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64.     Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## COUNT I.
## VIOLATION OF THE FDCPA
*(Time-Barred Debt Class)*

65.     On behalf of the Time-Barred Debt Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

66.     FBCS violated § 1692e and 1692f of the FDCPA because the Collection Letter FBCS dispatched to Plaintiff, in light of the least sophisticated consumer standard, was a deceptive. misleading, unfair, and unconscionable attempt to collect the time-barred debt from Plaintiff.

67.     First the Collection Letter *does not* inform the least sophisticated consumer that Cavalry SPV I, LLC **cannot** sue to collect the time-barred Consumer Debt. The statement: "*the law limits how long you can be sued on a debt*" is overly vague (e.g.: what "*law*;" what is meant by "*limits*;" how long is "*long*;" and which "*debts*?") is ambiguous in relevance (i.e., the Collection Letter *does not state* the Consumer Debt *is* a debt which the "law" has "limited" the least sophisticated consumer from being "sued" on) and is obscurely placed at the bottom of the Collection Letter . Buchanan v. Northland Group, Inc., 776 F.3d 393, 399 (6th Cir. 2015) (reversing dismissal of FDCPA claim involving a letter that used the term "settlement offer" and stating, "The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. The general rule [] is that partial

payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk.") (internal citation omitted);

68.     Instead of clarity, however, FBCS follows with: "*because of the age of your debt, our client will not sue you for it*" as if Cavalry SPV I, LLC was ***choosing*** not to sue even though – in reality – Cavalry SPV I, LLC **cannot** sue to collect the time-barred Consumer Debt. *See* Smothers v. Midland Credit Mgmt., Inc., 2016 WL 7485686, at *3 (D. Kan. Dec. 29, 2016) ("[d]efendant's promise not to sue does not impact the legal effect of making a partial payment because *the revival of a statute of limitations is statutory – not a decision made by a debt collector*." (emphasis added)).

69.     Second, the Collection Letter *does not* inform the least sophisticated consumer that if the consumer made, or even agreed to make, a partial payment towards Consumer Debt, the consumer could restart the clock on the long-expired statute of limitations, in effect brining a long-dead debt back to life. Smothers, 2016 WL 7485686, at *5 ("The least sophisticated consumer most certainly would not be aware that making a payment could make the debt judicially enforceable again—particularly when the collector tells the consumer that the law limits how long she can be sued and that the collector will not sue. Explaining to the consumer all of the benefits she will receive by making payments on a stale debt, while neglecting to address [] law that would make the debt judicially enforceable again, is a misrepresentation of the character and legal status of the debt under the FDCPA. The court determines as a matter of law that defendant violated the FDCPA by sending the letter to plaintiff.").

70.     Further, FBCS builds upon its deceptive schedule, after having willfully blinded the least sophisticated consumer from corner-stone information: FBCS nefariously offers a so-

called "Discount" payment plan to the consumer which, in reality, saves the consumer *nothing*. Any amount of the Consumer Debt paid by Plaintiff, no matter how small, ***will always cost more than paying nothing***. In fact, the "Discount" payment plan only saves *one* thing – it *saves the Consumer Debt from remaining dead*, in that, it saves the debt from the iron-clad protection of the statute of limitations. McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1021 (7th Cir. 2014) (addressing a letter that offered to "settle" a debt and stating, "The fact that both [ ] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable.").

71.     Less than a year ago, in a recent decision, the Seventh Circuit issued its decision in Pantoja v. Portfolio Recovery Assocs., LLC, 2017 WL 1160902 (7th Cir. Mar. 29, 2017) cert. denied, 17-255, 2018 WL 410911, at *1 (U.S. Jan. 16, 2018)  whereby the court directly addressed the ***same facts*** and the the ***same claim*** which Plaintiff now brings before this Court in search of relief. Attached hereto as Exhibit "C" is a full copy of the Pantoja ruling.

72.     In relevant part, the Pantoja court encapsulated the matter before it as follows:

> The point of controversy here concerns efforts to collect consumer debts on which the statute of limitations has expired when the effort does *not* involve filing or threatening a lawsuit. Compare McMahon v. LVNV Funding, LLC, 744 F.3d at 1020 (7th Cir. 2014) (dunning letters offering to "settle" time-barred debts could violate Act by leading debtors to believe the debts were legally enforceable); Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507, 509 (5th Cir. 2016) (effort to collect is not automatically unlawful, but letter violates FDCPA if it could lead unsophisticated consumer to believe her time-barred debt is legally enforceable); and Buchanan v. Northland Group, Inc., 776 F.3d 393, 397 (6th Cir. 2015) (reversing dismissal on pleadings; offer to settle time-barred debt could violate Act by failing to disclose that suit would be time-barred or that partial payment would remove statute of limitations bar), with

> Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 33 (3d Cir. 2011)
> holding that attempt to collect a time-barred debt was permissible if
> litigation not threatened), and Freyermuth v. Credit Bureau
> Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001) (same)

Pantoja, 2017 WL 1160902 at *2. In addressing this issue, the court – without provocation – opined that "the opportunities for mischief and deception, particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers, may well be so great that the better approach is simply to find that any such efforts violate the FDCPA's prohibitions on deceptive or misleading means to collect debts, § 1692e, and on 'unfair or unconscionable means' to attempt to collect debts, § 1692f." Id. at 3. Though, the court noted that it could "decide [the] case on narrower grounds," as the "plaintiff [did] not argue for that broad rule."

73.     In contrast to the matter at hand, make no mistake, Plaintiff *urges* for the implementation of a broad prohibition on the collection of time-barred debt. No matter how regulated or restrictive the practice becomes, so long as the collection of time-barred consumer debt is permissible, debt collectors will develop practices and techniques to circumvent such restrictions. Collecting time-barred debts offers debt collectors too alluring of an opportunity. A time-barred debt can be purchased for a fraction of its face value, thereby making the potential profit so high that the punishment for engaging in deceptive and/or unfair collection practices, i.e., being sued by the debtor, is an easily tolerable cost-of-business for debt collectors.

74.     Shifting back to Pantoja, the Seventh Circuit, after having served both the facts and law, affirmed the district court's summary judgment for the plaintiff, stating:

> We agree with the district court's two reasons for finding that the
> dunning letter here was deceptive. First, the letter does not even hint,
> let alone make clear to the recipient, that if he makes a partial
> payment or even just a promise to make a partial payment, he risks
> loss of the otherwise ironclad protection of the statute of limitations.
> Second, the letter did not make clear to the recipient that the law

prohibits the collector from suing to collect this old debt. Either is sufficient reason to affirm summary judgment for the plaintiff.

Pantoja, 2017 WL 1160902 at *2

75.      Accordingly, FBCS violated failed § 1692e and 1692f of the FDCPA by failing to sufficiently inform the least sophisticated consumer that the Consumer Debt was *absolutely* time-barred, and by failing to inform the least sophisticated consumer that the Consumer Debt can be revived if, *for example*, the consumer agreed to the "Discount" payment plan offered in the Collection Letter.

76.      WHEREFORE, Plaintiff, individually and on behalf of the Time-Barred Debt Class, request that the Court enter judgment in favor of Plaintiff and Time-Barred Debt Class and against Defendant for:

(1)      Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)      Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3)      Such other or further relief as the Court deems proper.

## COUNT II.
## VIOLATION OF THE FDCPA
*(Time-Barred Debt Class)*

77.      On behalf of the Time-Barred Debt Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

78.      FBCS violated §1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt.

79.      Here, FBCS offers the least sophisticated consumer an exceedingly nefarious "Discount" payment plan which seeks to have the least sophisticated consumer make a partial payment on the time-barred consumer debt.  FBCS *fails to mention* that agreeing to make a partial

payment will hold Plaintiff liable for FBCS for the *full amount* if Plaintiff defaulted on the "Discount" payment plan.  <u>McMahon v. LVNV Funding, LLC</u>, 744 F.3d 1010, 1021 (7th Cir. 2014) (wherein the Seventh Circuit recognized that, in these circumstances, such offers "make[ ] things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount.").

80.     Accordingly, the "Discount" payment plan FBCS provides in the Collection Letter can only be understood as an attempt to deceive the least sophisticated consumer into reviving a long-time barred debt, as the only consumer capable of finding *any* benefit from such a "Discount" payment plan is the uninformed consumer.

81.     WHEREFORE, Plaintiff, individually and on behalf of the Time-Barred Debt Class, request that the Court enter judgment in favor of Plaintiff and Time-Barred Debt Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3)     Such other or further relief as the Court deems proper.

**COUNT III.**
**<u>VIOLATION OF THE FDCPA</u>**
*(Failure to Disclose Amount of Debt Class)*

82.     On behalf of the *Failure to Disclose Amount of Debt Class*, Plaintiff incorporates the preceding Factual and Class Action Allegations.

83.     Defendant violated §1692g(a) and §§1692e, 1692e(2) and (10) of the FDCPA by failing to adequately inform Plaintiff of the true amount owed to the current creditor, by falsely

representing the character and/or amount of the debt, and by utilizing false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiff. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest for which the current creditor can recover.

84.     Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." *See* 15 U.S.C. §1692g(a)(1). That notice must be contained in either the initial communication regarding the debt, or in another communication "[w]ithin five days after the initial communication." Id. Critically, however, "[s]imply stating the amount due is not enough." Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *4 (S.D. Fla. Jan. 26, 2012) (citing Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 948 (7th Cir.2004). The collection letter "must state the amount of the debt 'clearly enough that the recipient is likely to understand it.'" Melillo, 2012 WL 253205 at *4 (quoting Williams v. OSI Educ. Servs., Inc., 505 F.3d 675, 677 (7th Cir.2007)); *see also* Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir.1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed"); Weiss v. Zwicker & Assocs. ., P.C., 664 F.Supp.2d 214, 217 (E.D.N.Y.2009) (finding letter failed to state amount of debt where a consumer reading it could reasonably interpret the amount of debt in two ways); Fuller v. Becker & Poliakoff, P.A., 192 F.Supp.2d 1361, 1370 (M.D.Fla.2002) (finding letter failed to state amount of debt where it listed different amounts consumers may owe depending on when payments began, and did not indicate whether consumers owed the full amount stated or when payments began).

85.     Similarly, §1692e of the FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

86.     In particular, §1692e(2)(A) and §1692e(10) explicitly prohibit "[t]he false representation of  the character, amount, or legal status of any debt" and " use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. 15 U.S.C. §§1692e(2)(A) and (10). *See*, *e.g.*, Dragon v. I.C. System, Inc., 483 F.Supp.2d 198, 201–03 (D.Conn.2007) (finding that a collection letter violated §1692g(a)(1) and §§1692e(2) and (10) by not "specifically indicat[ing] the date as of which the 'BALANCE DUE' amount was the full amount of the debt," and was "potentially misleading for the least sophisticated consumer who could readily conclude that the total amount stated as due ... was due *at any time* when in fact it was not and was subject to adjustment ... on a periodic basis." (emphasis in original)).

87.     Here, the Consumer Debt is the sum of the principal portion of the original debt and, *inter alia*, the interest and fees which may be added to said principal pursuant to underlying agreement between Plaintiff and the original creditor. Critically, however, the amount that the current creditor is entitled to recover from Plaintiff goes much further.

88.     Here, Defendant failed to provide an explicit disclosure of accrued and accruing interest and fees which the current creditor can recover, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the Consumer Debt. *See* Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)) ("A debt collection letter is deceptive if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)). For example, the least

sophisticated consumer may believe that the debt that the Collection Letter demands payment for is static and will remain the same. This is of course false because the debt continues to accrue interest.

89.     The necessity of information which Defendant omitted from the Collection Letter was an issue Judge Kathleen M. Williams recently addressed in <u>Anselmi v. Shendell & Associates, P.A.</u>, stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). *See* <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.</u>, 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]. See* <u>Id</u>. at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). <u>Id</u>.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

90.     Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant from liability, Defendant *still* chose to wrongfully conceal necessary and pivotal information from Plaintiff – for example – Defendant did not inform the least sophisticated consumer that the Consumer Debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant did not state whether the Consumer Debt was subject to the accrual of interest or other charges; Defendant did

not state whether the Consumer Debt had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion Consumer Debt; and Defendant did not state how or when the purported amount owed by Plaintiff had been calculated. *See* Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017) (finding that the amount provided did not satisfy § 1692g(a)(1) because the collection letter "***omit[ed] information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase***." (emphasis added)); Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016) ([b]ecause the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.); Anselmi v. Shendell & Assocs., P.A., 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014) ("A debt collector is [] required to inform a debtor if the debt is subject to adjustment by the creditor on a periodic basis." (citing Miller, 214 F.3d 872 at 876).

91.     Late last year, this Court adopted the 2nd Circuit's reasoning in Avila.  In Pimentel v. Nationwide Credit, Inc., this Court, in addressing this very matter, held that:

> It appears that defendant's collection letters create the very issue about which the *Avila* court was concerned.  Based on the wording of the collection letters, if plaintiff were to remit the "account balance" shown on the letters, she would not know whether she had paid the debt in full. Thus, plaintiff has adequately alleged a violation of § 1692e.

17-20226, 2017 WL 5633310, at *2 (S.D. Fla. Nov. 13, 2017).

92.     Thus, in light of the forgoing, Defendant violated §1692g(a) and §§1692e, 1692e(2) and (10) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the Consumer Debt *was and is* subject to by the current creditor.

93.     WHEREFORE, Plaintiff, individually and on behalf of the Time-Barred Debt Class, request that the Court enter judgment in favor of Plaintiff and Time-Barred Debt Class and against Defendant for:

(1)     Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3)     Such other or further relief as the Court deems proper.

## COUNT IV.
## VIOLATION OF THE FCCPA
*(FCCPA Class)*

94.     On behalf of the FCCPA Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

95.     Defendant violated Fla. Stat. §559.72(9) by attempting to collect a debt and/or assert a legal right it knew to be illegitimate and/or otherwise unlawful.

96.     As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – sections 1692g, 1692e and 1692f of the FDCPA. Defendant knowing engaged in unlawful conduct in attempting to collect the Consumer Debt from Plaintiff, to wit, Defendant unlawfully attempted to mislead consumers into reviving a time-barred debt and failed to disclose the true amount of the debts in addition to failing to inform consumers of the

fee/interest-accruing nature of the debts. <u>Kaplan v. Assetcare, Inc.</u>, 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000) (in determining what constitutes a misrepresentation of a legal right under §559.72(9) of the FCCPA, the court "must refer to other statutes that establish the legitimacy of a debt and define legal rights.").

97.     WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, request the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(1)     Statutory damages, as provided under Fla. Stat. § 559.77(2) of the FCCPA;

(2)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(3)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(4)     Such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

70.     Plaintiff respectfully demands a trial by jury on all issues so triable.

DATED: February 10, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                 .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540